IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DELOICE GILLION**                                                                              **PLAINTIFF**

v.                                                No. 3:19-cv-234-DPM

**ROBERT L. HAMRICK and**
**CELADON TRUCKING SERVICES, INC.**                    **DEFENDANTS**

## AGREED PROTECTIVE ORDER

The parties to this action have requested that a Protective Order be entered, and good cause appearing therefore, it is so ordered by the Court as follows:

1. The term "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    a. Commercial information that is not publicly known, the disclosure of which would provide a competitor with an advantage or otherwise could be used to the financial detriment of the producing party;
    b. Documentation revealing sensitive or personal data or information; and
    c. Documentation that the providing party is under a legal or contractual obligation to maintain as confidential.

Information or documents that are available to the public may not be designated as Confidential Information.

2. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and all copies in a manner that will not interfere with the legibility of the document.

3. The following shall govern as to all "Confidential Information":

a. All documents designated as "Confidential Information" and the information contained therein shall be treated as confidential by the parties and their attorneys, and they shall not permit disclosure of any such document, its contents or any portion thereof. "Confidential Information" may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and, to the "qualified" persons designated below:

1) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

2) Court reporters employed in this action;

3) A witness at a deposition or other proceeding in this action with the express understanding that any portions of testimony describing or otherwise addressing "Confidential Information" will be maintained as Confidential as well; and

4) Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

Nothing herein shall prevent counsel from using such documents during depositions and at trial or from exhibiting such documents or disclosing the information contained therein to the "qualified" persons listed above. All such persons shall be bound by the terms of this Protective Order and shall not permit disclosure of the documents or the "Confidential Information" contained therein, other than pursuant to the terms of this Order. Prior to receiving any confidential information each "qualified" person shall be provided with a copy of this Order and shall be subject to its terms and conditions. "Qualified" person does not include and specifically excludes any news organization, magazine, newspaper, radio or television organization, or other representative

of the media; blogs; internet sites; or list serves. It is further agreed that this confidentiality agreement applies not only to the parties and their attorneys, but also to all employees of their attorneys, expert witnesses, investigators and other persons who are or who may become in any way associated with the investigation, prosecution or defense of any claim in any way relating to the subject cause of action.

      b.      Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

      c.      Not later than sixty (60) calendar days from settlement of the entire case or final judgment which resolves the entire case, all copies of "Confidential Information" in the possession of a party or any persons to whom a party has provided access to said documents under paragraph 3(a) above shall be returned to the producing party except that work product, pleadings, deposition transcripts, court transcripts, and trial or hearing exhibits may be retained, subject to the terms of this Protective Order. Further, the producing party shall be furnished with the identification of any person or organization who was furnished access to the "Confidential Information" by the party or persons provided access and confirmation that any person or organization who received the "Confidential Information" has returned it.

d. No copies shall be made of the "Confidential Information," except that opposing counsel may copy protected documents for use in the present action, subject to the provisions of this Order.

e. This Protective Order shall not constitute a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary materials. This Protective Order shall be without prejudice to the rights of any party to oppose production of any information on any ground. This Protective Order shall not be construed to prevent any party from using its own "Confidential Information" in any manner it chooses, or to prevent the introduction of any "Confidential Information" into evidence at any trial of this case subject to the terms of this Order.

4. The designation of any material or document as Confidential Information is subject to challenge by any party. Any challenge must be addressed by using the process in the Final Scheduling Order for discovery disputes. *No. 7 at 3*.

5. Unless otherwise agreed, all provisions of this Order will remain in effect and continue to be binding for one year after the end of litigation whether by settlement or judgment. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

IT IS SO ORDERED this 18th day of November, 2019.

*WPMarshall Jr.*
THE HONORABLE D.P. MARSHALL JR.,
UNITED STATES DISTRICT JUDGE

APPROVED BY:

*[signature]*

KARA B. MIKLES, BAR NO. 2003088
Attorneys for Defendants
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
501/374-6535
kara.mikles@mrmblaw.com

*[signature]*

MARK N. GELLER, BAR NO. 2014020
Attorney for Plaintiff
NAHON, SAHAROVICH & TROTZ, P.L.C.
488 South Mendenhall
Memphis, TN 38117
901/462-3353
mgeller@nstlaw.com